# EXHIBIT A

Filing # 248862635 E-Filed 05/22/2026 11:54:26 AM

**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION.**

| | |
|---|---|
| **ANEESAH ADAMS,** | |
| *Plaintiff,* | Case No: |
| v. | |
| **DATAX, LTD.,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

### COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Aneesah Adams ("Ms. Adams"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, DataX, Ltd. ("DataX" or "Defendant"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages not exceeding $8,000, exclusive of attorneys' fees and costs, brought by Ms. Adams against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and § 34.01, Fla. Stat.

3. The Defendant is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to § 34.01, Fla. Stat.

4. Venue is proper in Polk County, because the acts complained of were committed and/or caused by the Defendant within Polk County.

## PARTIES

### Ms. Adams

5. Ms. Adams is a natural person residing in Polk County, Florida.

6. Ms. Adams is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### DataX

7. DataX is a Delaware limited liability company with a principal business address of 7582 Las Vegas Blvd. South, Suite 693, Las Vegas, NV 89123.

8. DataX's Delaware registered agent is Corporation Service Company, 112 North Curry St., Carson City, NV 89703.

9. DataX is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

### DataX Fails to Meaningfully Disclose Legally Required Information

10. Around March 2020, DataX began maintaining a credit file on Ms. Adams. *See* **PLAINTIFF'S EXHIBIT A.**

11. When Ms. Adams requested a copy of her consumer credit disclosure from DataX on February 3, 2026, DataX was required to "clearly and accurately" disclose all information in Ms. Adams' file at the time of her request.

2026SC-009898-A000-LD          Received in Polk 05/22/2026 01:26 PM

12. DataX failed to provide all the information contained in its credit file on Ms. Adams, providing her with a report which redacted information concerning Ms. Adams' driver's license number, date of birth, bank account numbers, account routing numbers, and more. *Id.*

13. Nothing in the FCRA allowed DataX to redact this information, but it did so anyway.

14. DataX also failed to disclose all of the sources of information utilized in its credit file on Ms. Adams.

15. For example, DataX's file contained information stating she worked at the Polk County School Board, her monthly income was $5,000 per month, and that she was paid monthly. No source of information (e.g., a data furnisher) was disclosed. *Id.*

16. Moreover, Ms. Adams' is not paid monthly, nor is the figure listed as her income correct.

17. DataX's omission of the sources of data relied upon prevents Ms. Adams from identifying which furnisher is providing false and inaccurate financial data about her.

18. DataX's "Employment History" section for Ms. Adams further contains internally inconsistent and nonsensical data. Specifically, on March 4, 2020, DataX incorporated data reporting a "Monthly Income" of $4,000 while simultaneously claiming the Employer is "N/A." No source of data was disclosed by DataX. It is logically impossible for a CRA to accurately report a specific income figure while being unable to identify the entity providing that source of income. *Id.*

19. Additionally, DataX incorporated data reporting on October 31, 2020, that Ms. Adams' "Monthly Income" was $0 and again failed to identify an employer. DataX published derogatory financial information of Ms. Adam's monthly income that lacked any basis in fact. *Id.*

20. While DataX's information from March 4, 2020 indicates no employer name was known, an "employer phone" of (361)-368-9012 is reported. This number appears to belong to a private individual residing in Corpus Christi, Texas.

21. DataX also reported four "conflict indicators," such as "home phone used by another consumer as home phone within the last year."

22. Ms. Adams does not have a landline or home phone and uses her cell phone only.

23. No source of data was disclosed for any of the four "conflict indicators" contained in Ms. Adams' credit file.

24. The above demonstrates a systemic failure to maintain reasonable procedures to assure maximum possible accuracy as required by 15 U.S.C. § 1681e(b).

25. The majority of lenders to whom DataX sells reports thoroughly examine a consumer's employment history and income data to verify the consumer has a history of reliable employment and stable income to ensure the consumer is able to repay any funds the lender advances.

26. Consequently, DataX's inclusion of demonstrably false information about Ms. Adams' income and employment had a significant negative impact on her ability to obtain new credit.

27. On information and belief, DataX has sold reports regarding Ms. Adams in the past five years, containing the above absurd and illogical information.

28. As a result of the Defendant's actions, Ms. Adams has suffered damages, including wasted time trying to figure out what the information in her DataX file means and how it got there, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

Page 4 of 11

29.     As the information continues to report as of the filing of this lawsuit, Ms. Adams hereby demands DataX initiate an investigation upon service of this lawsuit and correct her credit file.

30.     Ms. Adams has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

**COUNT I**
**DATAX'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**

31.     Ms. Adams adopts and incorporates paragraphs 1 –30 as if fully stated herein.

32.     DataX willfully violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Adams, as reasonable procedures would not have resulted in DataX's inclusion of false and unverifiable information concerning Ms. Adams' employment history and income.

33.     DataX's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

34.     DataX's policies could reasonably be foreseen to cause harm to Ms. Adams.

35.     DataX is thus liable to Ms. Adams, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Adams' actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Adams respectfully requests this Honorable Court enter judgment against DataX for:

a.      The greater of Ms. Adams' actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

Page **5** of **11**

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3);

    c.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

    d.    Such other relief that this Court deems just and proper.

**COUNT II**
**DATAX'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**
**Plead In the Alternative to Count I**

36.    Ms. Adams adopts and incorporates paragraphs 1 – 30 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

37.    DataX negligently violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Adams, as reasonable procedures would not have resulted in DataX's inclusion of false and unverifiable information concerning Ms. Adams' employment history and income.

38.    DataX's negligence in regard to their policies could reasonably be foreseen to cause harm to Ms. Adams.

39.    DataX acted negligently and is thus liable to Ms. Adams, pursuant to 15 U.S.C. § 1681o, for Ms. Adams' actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Adams respectfully requests this Honorable Court enter judgment against DataX for:

    a.    Ms. Adams' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2);

    c.    Such other relief that this Court deems just and proper.

Page **6** of **11**

## COUNT III
### DATAX'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(1)

40.    Ms. Adams adopts and incorporates Paragraphs 1 – 30 as if fully restated herein.

41.    DataX violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all the information it had in its file by providing Ms. Adams with a redacted version of her consumer disclosure, including information which became meaningless when redacted, and which was not redacted when sold to Ms. Adams' creditors.

42.    DataX has been notified through litigation that its disclosures to consumers fail to properly disclose this information.

43.    DataX's conduct was thus willful and intentional, or, alternatively, was performed with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

44.    As a result of its conduct, DataX is liable to Ms. Adams pursuant to the FCRA for the greater of Ms. Adams' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Adams respectfully requests this Honorable Court enter judgment against DataX for:

a.    The greater of Ms. Adams' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

Page 7 of 11

## COUNT IV
## DATAX'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(1)
### Pled in the alternative to Count III

45.    Ms. Adams adopts and incorporates Paragraphs 1 –30 as if fully restated herein and strictly pled in the alternative to Count III.

46.    DataX owed Ms. Adams a legal duty to accurately disclose all the information in his credit file upon her request.

47.    DataX breached this duty when it only provided Ms. Adams with a redacted version of her consumer disclosure, including information which became meaningless when redacted, and which was not redacted when sold to Ms. Adams' creditors.

48.    DataX's breach amounts to a negligent violation of **15 U.S.C. § 1681g(a)(1)**, and Ms. Adams is entitled to her actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Adams respectfully requests this Honorable Court enter judgment against DataX for:

    a.    Ms. Adams's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT V
## DATAX'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)

49.    Plaintiff adopts and incorporates paragraphs 1–30 as if fully stated herein.

50.    DataX violated 15 U.S.C. § 1681g(a)(2) by failing to disclose the sources of the information contained in Ms. Adams' file.

51.    DataX's violation was willful. DataX is a sophisticated consumer reporting agency (a subsidiary of Equifax) fully aware of its statutory obligation to provide transparent disclosures.

Despite this, DataX intentionally utilized a reporting format that conceals the origin of the data it maintains.

52.     By prioritizing its own data-masking methods over the consumer's right to know, and thus to verify, the sources of information used in compiling reports, DataX acted with at least a reckless disregard for the requirements of the FCRA.

53.     As a result of this willful noncompliance, DataX is liable to Ms. Adams pursuant to 15 U.S.C. § 1681n for statutory damages of up to $1,000 per violation, punitive damages, and reasonable attorneys' fees and costs.

**WHEREFORE**, Ms. Adams respectfully requests this Honorable Court enter judgment against DataX for:

a.     Ms. Adams' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

**COUNT VI**
**DATAX'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)**
**Pled in the alternative to Count V**

54.     Plaintiff adopts and incorporates paragraphs 1 – 30 as if fully stated herein.

55.     DataX negligently failed to comply with 15 U.S.C. § 1681g by providing a consumer disclosure that was heavily redacted and failed to clearly identify the sources of income information relied upon.

56.     A reasonable consumer reporting agency would have ensured that when a consumer requests their file, the "Employer" or "Source" fields provide actionable information rather than "N/A," and that identifiers are not redacted when requested by the consumer to whom they belong.

2026SC-009898-A000-LD          Received in Polk 05/22/2026 01:26 PM

57.     By prioritizing its own data-masking methods over the consumer's right to verify the source information used in reports complied about them, DataX acted with at least a reckless disregard for the requirements of the FCRA.

58.     As a direct and proximate result of DataX's negligence, Ms. Adams has suffered actual damages, including but not limited to time spent attempting to decipher the source of the information, loss of sleep, and frustration inherent in being denied the transparent credit file to which she is legally entitled.

**WHEREFORE**, Ms. Adams respectfully requests this Honorable Court enter judgment against DataX for:

a.     Ms. Adams' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted on May 22, 2026, by:

**SERAPH LEGAL, P.A.**

/s/ *Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar No.: 1045392
FGulen@SeraphLegal.com
3505 E Frontage Rd., Suite 145
Tampa, FL 33607
Tel: 813-321-2349
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A.     Ms. Adams' DataX Consumer Disclosure, February 3, 2026 – Excerpts

Page **10** of **11**

2026SC-009898-A000-LD        **Received in Polk 05/22/2026 01:26 PM**

## EXHIBIT A
## Ms. Adams' DataX Consumer Disclosure, February 3, 2026 - Excerpts



Page **11** of **11**